## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

RECEIVED

2007 MAY 14  P 1: 12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| MORRIS MITCHELL and DENISE MCPHERSON MITCHELL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: 3:07CV418-MEF |
| AMERICAN SUZUKI MOTOR CORPORATION; et al., | ) |
| | ) |
| Defendants.. | ) |
| | ) |

### NOTICE OF REMOVAL OF CIVIL ACTION NUMBER CV-07-39
### FROM THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

NOW COME American Suzuki Motor Corporation ("ASMC") and Suzuki

Manufacturing of America Corporation ("SMAC") (together "Defendants") and file this Notice

of Removal of the action referred to herein as Civil Action File No. CV-07-39 from the Circuit

Court of Macon County, Alabama, to the United States District Court for the Middle District of

Alabama, Eastern Division, respectfully showing the Court as follows:

#### Preliminary Statement

1.      The jurisdictional bases for this removal are 28 U.S.C. §§ 1332, 1441, and 1446,

because (a) the amount in controversy exceeds the sum or value of Seventy-Five Thousand

Dollars ($75,000), exclusive of interest and costs; and (b) there is diversity of citizenship

between plaintiffs and all properly joined defendants.  In addition, venue is proper in this court

under 28 U.S.C. § 81(b)(3).

2.      On or about April 10, 2007, Plaintiffs Morris Mitchell and Denise McPherson

Mitchell ("Plaintiffs") filed a Complaint in the Circuit Court of Macon County, Alabama, styled

<u>Morris Mitchell and Denise McPherson Mitchell v. American Suzuki Motor Corporation, et al.</u>,

Civil Action No. 07-39. A true and correct copy of all process, pleadings, and other papers

served upon Defendants in said action is attached hereto as Exhibit A.

3.       Fraudulently joined co-defendant Adams Motorsports, Inc. ("Adams") (see ¶¶ 23-

30 below) was served with the Summons and the Complaint by certified mail on April 13, 2007.

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely in that it is being filed within

thirty (30) days of service of the Summons and the Complaint on Adams. All properly joined

and served defendants have consented to removal.

4.       The time in which Defendants are required by state law or rules of court to answer

or plead in response to the Complaint in state court has not expired.

**Facts**

5.       According to the Complaint and upon information and belief, on July 30, 2005,

Plaintiffs purchased a Suzuki 2005 LT-F400F ATV from Extreme Powersports, Inc. in

Columbus, Georgia, financed by Goldcar Lending, Inc. On September 2, 2005, the plaintiffs

took the ATV to Adams Motorsports because of "a minor problem which needed a repair". <u>See</u>

Complaint at ¶¶ 15-16. However, according to the affidavit of owner Terry Adams, the frame

was badly damaged and required extensive repairs. <u>See</u> Affidavit of Terry Adams attached

hereto as Exhibit B. Adams quoted Plaintiffs approximately $2,500 to have the frame repaired,

and Plaintiffs refused the repairs and left with the ATV. <u>Id</u>.

6.       Plaintiffs allege that sometime in October 2005, they took the ATV to the original

dealer, Extreme Powersports, where an unknown repair was performed. <u>See</u> Complaint at ¶ 19.

On December 24, 2005 the ATV was allegedly returned to Plaintiffs. <u>Id</u>., at ¶ 21. Plaintiff

Morris Mitchell alleges that on January 11, 2006, he was driving the ATV when the right front

2

tire became partially disconnected causing Plaintiff to lose control and the ATV to rollover. Id., at ¶ 22.

7.      As a result of the accident, Plaintiff allegedly suffered a compound fracture to his femur, has had several surgeries, and is partially disabled. Id., at ¶ 25. Plaintiff Denise McPherson Mitchell has also brought a claim for Loss of Consortium. Id., at ¶¶ 74-80. The Plaintiffs claim both compensatory and punitive damages as a result of the injuries allegedly sustained as a result of the accident.

8.      The Plaintiffs also claim that following the accident Defendants Goldcar Lending and Extreme Powersports trespassed, breached the peace, wrongfully repossessed the ATV, and spoliated evidence. Id., at ¶¶ 60-73.

## The Parties

9.      The Plaintiffs are Morris Mitchell and Denise McPherson Mitchell. Upon information and belief, Plaintiffs are now, were at the time of the filing of the Complaint, and have been at all intervening times, citizens of the State of Alabama. See Complaint ¶¶ 1 - 2.

10.     Plaintiffs' Complaint names six defendants: (1) American Suzuki Motor Corporation, (2) Suzuki Manufacturing of America Corporation, (3) Adams Motorsports, Inc., (4) Suzuki Motor Corporation, (5) Extreme Powersports, Inc., and (6) Goldcar Lending, Inc. In addition, the Complaint names as defendants twenty-seven fictitious defendants. Id., at ¶¶ 3-10.

11.     Defendant American Suzuki Motor Corporation is a foreign corporation organized under the laws of the State of California with its principal place of business also located in the State of California.

3

12.    Defendant Suzuki Manufacturing of America Corporation is a foreign corporation organized under the laws of the State of Georgia with its principal place of business located in the State of Georgia.

13.    Defendant Suzuki Motor Corporation is a foreign corporation organized under the laws of Japan with its principal place of business in Japan.  As of the filing of this Notice of Removal, Defendant Suzuki Motor Corporation has not been properly served pursuant to the Hague Convention.

14.    Defendant Extreme Powersports, Inc. is a foreign corporation organized under the laws of the State of Georgia with its principal place of business in the State of Georgia.

15.    Defendant Goldcar Lending, Inc. is a foreign corporation organized under the laws of the State of Georgia with its principal place of business in the State of Georgia.

16.    Defendant Adams Motorsports, Inc. is alleged in the Complaint to be an Alabama Corporation with its principal place of business in the State of Alabama.  As shown herein, however, Adams has been fraudulently joined to this action, and as such, its citizenship is properly disregarded for jurisdictional purposes.

17.    The Complaint also purports to state claims against twenty-seven unnamed, fictitious defendants identified in the Complaint as fictitious defendants 1 through 27.  Id., at ¶¶ 9-10.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. §1441(a).

18.    Accordingly, complete diversity of citizenship exists between Plaintiffs and all properly joined Defendants.

**Diversity Jurisdiction**

19.    This action could have been filed in this Court pursuant to 28 U.S.C. § 1332, in

that there is complete diversity of citizenship between Plaintiffs and the properly joined

Defendants, and the controversy requirements are satisfied.  In order to meet the $75,000

jurisdictional threshold in a case with an unspecified claim of damages, a defendant need show

only that "the amount in controversy more likely than not exceeds the [now $75,000]

jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir.

1996) (overruled on other grounds); Kilpatrick v. Martin K. Eby Construction Co., 708 F. Supp.

1241, 1242-43 (N.D. Ala. 1989) (holding that the "amount in controversy requirement has been

met" even though "the State Court complaint does not demand judgment of a specified dollar

amount").  In this case, Defendants can remove this action to federal court if they can show, by a

preponderance of the evidence, facts supporting jurisdiction.  Tapscott, 77 F.3d at 1357.

Moreover, "[w]hen the complaint does not claim a specific amount of damages, removal from

state court is proper if it is facially apparent from the Complaint that the amount in controversy

exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319

(11th Cir. 2001); Tapscott v. MS Dealer Service Corp. , 77 F.3d 1353, 1356-57 (11th Cir.

1996)(holding that "[w]here a plaintiff has made an unspecified demand for damages, a lower

burden of proof is warranted because there is simply no estimate of damages to which a court

may defer"), overruled on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir.

2000). Further, the Complaint contains no disclaimer that plaintiff seeks less than $75,000

exclusive of interests and costs.

20.    In addition, this is an action for which actual and punitive damages are sought by

Plaintiff.  The Complaint alleges that Plaintiffs have suffered personal injuries (including as to

one Plaintiff a compound fracture to the femur which required multiple surgeries, and other

bruises and contusions); great pain and suffering; mental anguish; incurred medical expenses

(past and future); loss of enjoyment; loss of earning capacity; permanent disability, and other

damages to be shown at trial. See Complaint, ¶ 25. Plaintiff's Complaint also seeks unlimited

actual and punitive damages. Prospective punitive damages must be considered in any

calculation of the amount in controversy. Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d

1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in

diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty

that such cannot be recovered") (citations omitted). The amount in controversy requirement for

federal jurisdiction may be satisfied by a demand for punitive damages if it is possible under

state law for the jury to award the jurisdictional amount. Ryan v. State Farm Mutual Automobile

Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991).

21.    Furthermore, under Alabama law, punitive damage awards in cases involving

claims against product manufacturers routinely exceed the jurisdictional minimum, and Alabama

juries have awarded damages in excess of $75,000 many times. See e.g., General Motors Corp.

v. Saint, 646 So.2d 564, 565 (Ala. 1994) (jury returned verdict of $13,000,000 in products

liability action against an automobile manufacturer); Sears, Roebuck and Co. v. Harris, 630

So.2d 1018 (Ala. 1993) ($12,000,000 damages award remitted to $7,350,001); General Motors

Corp. v. Johnston, 592 So.2d 1054 (Ala. 1992) ($15,000,000 punitive damages award affirmed).

22.    In light of the injuries and damages claimed by the Plaintiffs in the Complaint, the

amount in controversy in this action appears to a reasonable legal certainty to be in excess of

$75,000, exclusive of interest and costs.

**Defendant Adams Motorsports Has Been Fraudulently Joined**

23.     The Alabama citizenship of Defendant Adams is not a barrier to removal. Defendant Adams has been fraudulently joined and, therefore, its citizenship must be disregarded.  See e.g., Tapscott, 77 F.3d at 1360.

24.     A party has been fraudulently joined when there is no possibility that the plaintiff can establish a cause of action against that party, or when the plaintiff has fraudulently pleaded jurisdictional facts.  Cabalceta v. Standard Fruitt Co., 883 F.2d 1553, 1561 (11th Cir. 1989); see also Tapscott, 77 F.3d at 1360 n. 17; Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).

25.     The allegations made in the Complaint against Defendant Adams are as follows: that Defendant Adams is an authorized Suzuki dealer; the subject Suzuki ATV was defective; on September 2, 2005, the ATV was taken to Adams for repairs; there was a recall bulletin issued for the defective part of the subject Suzuki ATV; and Defendant Adams did not notify the Plaintiffs of the defective nature of the ATV or make the required repairs.

26.     The causes of action raised against Defendant Adams in the Complaint are under the Alabama Extended Manufacture Liability Doctrine ("AEMLD") for unreasonably dangerous and defective design, and failure to warn; and negligence and wantonness associated with the design, manufacture, sale, and failure to warn or recall the subject ATV.

27.     However, the recall bulletin referred to in the Complaint was issued on October 19, 2005, after the subject ATV was taken to Defendant Adams, for a steering tie rod end replacement program on Suzuki 2005 LT-A700X ATVs.  See Affidavit of Alex Butt, attached hereto as Exhibit B.  The Suzuki ATV which is the subject of this suit is a 2005 Suzuki LT-F400F ATV, a model different than the ATV model covered by the recall bulletin.  Id.

Moreover, no recall bulletins concerning the steering tie rod end replacement have been issued for 2005 Suzuki LT-F400F ATVs, which is the ATV model referred to in the Complaint. Id. In summary, the recall bulletin was for a different model ATV and was issued after the subject ATV was taken to Defendant Adams.

28.    Based on the facts and allegations made in the Complaint there is no possibility that the Plaintiffs can establish a cause of action against Defendant Adams. As stated in the Complaint, the subject ATV was not purchased from Defendant Adams. See Complaint at ¶ 12; see also Affidavit of Terry Adams, attached hereto as Exhibit C. Nor did Defendant Adams participate in any way with the design, engineering, manufacture, assembly or sale of the subject ATV. See Exhibit C. In addition, the recall bulletin referred to in the Complaint concerned a different model Suzuki ATV, not the model ATV which is the subject of this suit. See Exhibits B - C.

29.    Given the fact that the recall bulletin referred to in the Complaint was not a recall notice for the subject ATV, Defendant Adams can not be held liable as an authorized Suzuki Dealer for failing to warn the Defendants or repair the subject ATV based on a recall notice that does not exist and was not applicable to the subject ATV. Therefore, there is no possibility that the Plaintiffs can establish a cause of action against Defendant Adams under any of the counts made in the Complaint.

30.    Accordingly, Defendant Adams has been fraudulently joined, and its citizenship must be disregarded for purposes of removal.

WHEREFORE, American Suzuki Motor Corporation and Suzuki Manufacturing of America Corporation pray that this Notice of Removal be filed; that said action bearing Civil Action File No. CV-07-39 in the Circuit Court of Macon County, Alabama, be removed to and

proceed in this Court; and that no further proceedings be had in said case in the Circuit Court of

Macon County, Alabama.

This ___14th___ day of May, 2007.

_____
One of the Attorneys for Defendants.
American Suzuki Motor Corporation and Suzuki
Manufacturing of American Corporation


OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served by first-class United States Mail, postage prepaid, on this ___14___ day of May 2007, upon the following:

> Michael G. Strickland, Esq.
> Blaine C. Stevens, Esq.
> Strickland & Kendall, LLC
> 420 South Lawrence Street
> Montgomery, AL  36104
>
> Jock M. Smith, Esq.
> Brian P. Strength, Esq.
> Valerie R. Russell, Esq.
> Cochran, Cherry, Givens & Smith, P.C.
> PO Box 830419
> Tuskegee, AL 36083

Respectfully submitted,

_____
Of Counsel

9

ORIGINAL

| State of Alabama<br>Unified Judicial System | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C|V 2007 0039 □□·□□ |
|---|---|---|
| Form ARCivP-93   Rev. 5/99 | | Date of Filing: □□□ □□□ □□□□  Judge Code: □□□□□<br>Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___Macon County___, ALABAMA
(Name of County)

___Morris Mitchell, et al.___ v. ___American Suzuki Motor Corp, etal___
Plaintiff                                    Defendant

**First Plaintiff**  ☐ Business  ☒ Individual  **First Defendant**  ☒ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA  -  Wrongful Death
☐ TONG  -  Negligence: General
☐ TOMV  -  Negligence: Motor Vehicle
☐ TOWA  -  Wantonness
☒ TOPL  -  Product Liability/AEMLD
☐ TOMM  -  Malpractice-Medical
☐ TOLM  -  Malpractice-Legal
☐ TOOM  -  Malpractice-Other
☐ TBFM  -  Fraud/Bad Faith/Misrepresentation
☐ TOXX  -  Other: _____

**TORTS: PROPERTY INJURY**
☐ TOPE  -  Personal Property
☐ TORE  -  Real Property

**OTHER CIVIL FILINGS**
☐ ABAN  -  Abandoned Automobile
☐ ACCT  -  Account & Nonmortgage
☐ APAA  -  Administrative Agency Appeal
☐ ADPA  -  Administrative Procedure Act
☐ ANPS  -  Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX  -  Birth/Death Certificate Modification/Bond Forfeiture Appeal/
            Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  -  Civil Rights
☐ COND  -  Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  -  Contempt of Court
☐ CONT  -  Contract/Ejectment/Writ of Seizure
☐ TOCN  -  Conversion
☐ EQND  -  Equity Non-Damages Actions/Declaratory Judgment/Injunction
            Election Contest/Quiet Title/Sale For Division
☐ CVUD  -  Eviction Appeal/Unlawful Detainer
☐ FORJ  -  Foreign Judgment
☐ FORF  -  Fruits of Crime Forfeiture
☐ MSHC  -  Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  -  Protection From Abuse
☐ FELA  -  Railroad/Seaman (FELA)
☐ RPRO  -  Real Property
☐ WTEG  -  Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  -  Workers' Compensation
☐ CVXX  -  Miscellanous Circuit Civil Case

**ORIGIN** *(check one):*  F ☒ INITIAL FILING  A ☐ APPEAL FROM  O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED  T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO  Note:  Checking "Yes" **does not** constitute a demand  for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
|S|T|R|0|3|2|   ___3-29-07___        _[signature]_
Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☒ UNDECIDED

**EXHIBIT**
A

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MORRIS MITCHELL and DENISE MCPHERSON MITCHELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: **39** |
| AMERICAN SUZUKI MOTOR CORPORATION; et al., | ) ) ) | |
| Defendants. | ) | |

## CIVIL SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure*.

<u>NOTICE TO:</u>   J. Gilbert Dyer, registered agent for
EXTREME POWERSPORTS, INC.
2990 Northlake Parkway
Columbus, GA 31909

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Michael G. Strickland*
*STRICKLAND & KENDALL, LLC*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: 4/10/07

_____
CIRCUIT COURT CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| MORRIS MITCHELL and<br>DENISE MCPHERSON MITCHELL,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN SUZUKI MOTOR<br>CORPORATION; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO.: **39** |

---

### CIVIL SUMMONS

---

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure*.

<u>NOTICE TO:</u>    J. Gilbert Dyer, registered agent for
               GOLDCAR LENDING, INC.
               2990 Northlake Parkway
               Columbus, GA 31909

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Michael G. Strickland*
*STRICKLAND & KENDALL, LLC*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: 4/10/07

_____
CIRCUIT COURT CLERK

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MORRIS MITCHELL and DENISE MCPHERSON MITCHELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: **39** |
| | ) | |
| AMERICAN SUZUKI MOTOR CORPORATION; et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

### CIVIL SUMMONS

---

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure*.

<u>NOTICE TO:</u>    Terry Adams, registered agent for
ADAMS MOTORSPORTS, INC.
528 NE Blvd
Montgomery, AL 36117

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Michael G. Strickland*
*STRICKLAND & KENDALL, LLC*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED: 4/10/07

CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF MACON COUNTY,
ALABAMA

MORRIS MITCHELL and )
DENISE MCPHERSON MITCHELL, )
)
Plaintiffs, )
)
vs. )    CIVIL ACTION NO.: **39**
)
AMERICAN SUZUKI MOTOR )
CORPORATION; et al., )
)
Defendants. )

---

## CIVIL SUMMONS

---

This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure*.

<u>NOTICE TO:</u>    Bruce McCall, registered agent for
SUZUKI MANUFACTURING OF AMERICA CORPORATION
1170 Peachtree St. NE #800
Atlanta, GA 30309-7649

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Michael G. Strickland*
*STRICKLAND & KENDALL, LLC*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

DATED  4/10/07

CIRCUIT COURT CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MORRIS MITCHELL and )
DENISE MCPHERSON MITCHELL, )
)
Plaintiffs, )
)
vs. )    CIVIL ACTION NO.: 39
)
AMERICAN SUZUKI MOTOR )
CORPORATION; et al., )
)
Defendants. )

---

### CIVIL SUMMONS

---

This service by special process server of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO:    SUZUKI MOTOR CORPORATION
300, Takatsuka, Hamamatsu
Shizuoka 432-8611, Japan

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Michael G. Strickland*
*STRICKLAND & KENDALL, LLC*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

4/10/07
DATED:

*David Love Jr.*
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF MACON COUNTY,
ALABAMA

MORRIS MITCHELL and         )
DENISE MCPHERSON MITCHELL,     )
                                     )
     Plaintiffs,                   )
                                       )
vs.                                   )      CIVIL ACTION NO.: **39**
                                       )
AMERICAN SUZUKI MOTOR       )
CORPORATION; et al.,          )
                                       )
     Defendants.                 )

## CIVIL SUMMONS

     This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the *Alabama Rules of Civil Procedure.*

NOTICE TO:      Cathi Black, registered agent for
                   AMERICAN SUZUKI MOTOR CORPORATION
                   3251 E. Imperial Hwy
                   Brea, CA 92821

     The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You or your attorney are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to:

*Michael G. Strickland*
*STRICKLAND & KENDALL, LLC*
*420 South Lawrence Street*
*Montgomery, Alabama 36104*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

4/10/07
DATED: _____               _David Love Jr._____
                                         CIRCUIT COURT CLERK

ORIGINAL

# IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

MORRIS MITCHELL and )
DENISE MCPHERSON MITCHELL, )
                   )
       Plaintiffs, )
                   )
vs. )
                   )
AMERICAN SUZUKI MOTOR )
CORPORATION; SUZUKI )
MANUFACTURING OF AMERICA )
CORPORATION; )
ADAMS MOTORSPORTS, INC.; )
SUZUKI MOTOR CORPORATION; )
EXTREME POWERSPORTS, INC.; )
GOLDCAR LENDING, INC.; )
FICTITIOUS DEFENDANTS "No. 1" )
and "No. 2," whether singular or plural, that )
person, corporation, or other legal entity )
who or which designed, manufactured, )
advertised, sold, or otherwise placed into the )
stream of commerce the 2005 Suzuki Eiger )
Four-wheeler which is the subject matter )
of this lawsuit; )
FICTITIOUS DEFENDANTS " No. 3" )
and "No. 4," whether singular or plural, that )
person, corporation, or other legal entity )
who or which designed, manufactured, )
engineered, sold, or otherwise place into the )
stream of commerce the component parts of )
the 2005 Suzuki Eiger Four-wheeler which is )
the subject matter  of this lawsuit; )
FICTITIOUS DEFENDANTS" No. 5" )
and "No. 6," whether singular or plural, that )
person, corporation, or other legal entity )
whose negligence, wantonness, or other )
wrongful conduct, combined and concurred )
with the conduct of Defendants herein, to )
cause the injuries of Morris Mitchell; )

CIVIL ACTION NO.: 39

JURY TRIAL REQUESTED

FICTITIOUS DEFENDANTS " No. 7"                    )
and "No. 8," whether singular or plural, that )
person, corporation, or other legal entity      )
who is the domestic dealership, firm, or        )
corporation that furnished, sold, or            )
supplied the four-wheeler which Plaintiff       )
occupied on the occasion made the basis         )
of this lawsuit;                                )
FICTITIOUS DEFENDANT S" No. 9"                   )
and "No. 10," whether singular or plural,        )
that person, corporation, or other legal )
entity other than those entities described      )
above, which is the successor in interest of    )
any of the entities described above;            )
FICTITIOUS DEFENDANTS " No. 11"                  )
and "No. 12," whether singular or plural,        )
that person, corporation, or other legal        )
entity other than those entities described      )
above, which was the predecessor               )
corporation of any of the entities described    )
above;                                )
FICTITIOUS DEFENDANTS " No. 13"                  )
and "No. 14," whether singular or plural,        )
that person, corporation, or other              )
legal entity other than those entities described )
above, whose breach of contract or warranty )
contributed to cause the occurrence made        )
the basis of this lawsuit;                      )
FICTITIOUS DEFENDANTS " No. 15"                  )
and "No. 16," whether singular or plural,        )
that person, corporation, or other legal        )
entity who or which provided any insurance      )
coverage, of whatever kind or character, to     )
any of the named or Fictitious Defendants       )
herein;                                )
FICTITIOUS DEFENDANTS " No. 17"                  )
and "No. 18," whether singular or plural,        )
that person, corporation, or other legal        )
entity who or which was responsible for the     )
injuries and damages suffered by the Plaintiff )
on the occasion of the occurrence made the      )

basis of this lawsuit;                                  )
FICTITIOUS DEFENDANTS " No. 19"         )
and "No. 20," whether singular or plural,      )
that person, corporation, or other legal        )
entity that wrongfully breached the peace,     )
repossessed, stole, and committed theft of     )
property of the four-wheeler;                      )
FICTITIOUS DEFENDANTS "No. 21"          )
and "No. 22," whether singular or plural,      )
that person, corporation, or other legal        )
entity that stole the chain and lock which     )
secured the four-wheeler to the home of        )
the Plaintiffs;                                        )
FICTITIOUS DEFENDANTS "No. 23,"         )
"No. 24," "No. 25," "No. 26," and "No. 27,")
whether singular or plural, that individual,    )
or those individuals, other than those          )
individuals and entities described above       )
whose negligence, wantonness, or other         )
wrongful conduct caused or contributed to     )
cause the occurrence made the basis of         )
this lawsuit;                                         )
Plaintiff avers that the identities of the       )
Fictitious party defendants described           )
herein are otherwise unknown to Plaintiff     )
at this time or, if their names are known      )
to Plaintiff, their identities as proper         )
parties are not known to Plaintiff and their   )
true and correct names will be substituted     )
by amendment when ascertained,                 )
                                                        )
         Defendants.                                )

## COMPLAINT

## Statement of the Parties

1.     The Plaintiff, Morris Mitchell, hereinafter may be referred to as "Morris" and/or

"Plaintiff," is over the age of nineteen (19) years and is a resident citizen of the State of

Alabama.

2.    The Plaintiff, Denise McPherson Mitchell, hereinafter may be referred to as "Denise" and/or "Plaintiff," is over the age of nineteen (19) years and is a resident citizen of the State of Alabama and is the wife of Plaintiff Morris Mitchell.

3.    The Defendant, American Suzuki Motor Corporation, hereinafter may be referred to as "American Suzuki" and/or "Defendant," is believed to be a foreign corporation with its principal place of business located in the State of California.

4.    The Defendant, Suzuki Manufacturing of America Corporation, hereinafter may be referred to as "Suzuki Manufacturing" and/or "Defendant," is believed to be a foreign corporation with its principal place of business located in the State of Georgia.

5.    The Defendant, Adams Motorsports, hereinafter may be referred to as "Adams" and/or "Defendant," is believed to be an Alabama corporation with its principal place of business located in Montgomery County, Alabama and doing business with residents in Macon County, Alabama.

6.    The Defendant, Suzuki Motor Corporation, hereinafter may be referred to as "Suzuki Motor" and/or "Defendant," is a foreign corporation organized and existing under the laws of Japan and doing business in the State of Alabama.

7.    The Defendant, Extreme Powersports, Inc., hereinafter may be referred to as "Powersports" and/or "Defendant," is believed to be a foreign corporation with its principal place of business located in Columbus, Georgia and doing business with residents in Macon County, Alabama.

8.      The Defendant, Goldcar Lending, Inc., hereinafter may be referred to as "Goldcar" and/or "Defendant," is believed to be a foreign corporation with its principal place of business located in the State of Georgia and doing business with residents in Macon County, Alabama.

9.      Fictitious Defendants "19," "20," "21," and "22, are those persons, corporations, or other legal entities described more fully in the caption and incorporated herein, that wrongfully breached the peace, repossessed, stole, and committed theft of property of the four-wheeler and/or stole the chain and lock which secured the four-wheeler to the home of the Plaintiffs.

10.     Fictitious Defendants "1", "2," "3," "4," "5," "6," "7," "8," "9," "10," "11," "12," "13," "14," "15," "16," "17," "18," "23," "24," "25," "26," and "27," are those persons, corporations, or other legal entities described more fully in the caption and incorporated herein, whose negligence, wantonness, willfulness, or other wrongful conduct, caused or contributed to cause the injuries of the Plaintiffs, whose true and correct names are unknown to Plaintiffs at this time but will be substituted by amendment when ascertained.

11.     The term "Defendants" is made to refer to all real and fictitious Defendants described in the style of this Complaint.

## Statement of the Facts

12.     On or about July 30, 2005, Plaintiffs purchased a 2005 Suzuki Four-wheeler, model number LT-F400FK5, VIN 5SAAK46A657101180 from Defendant Powersports.

13.     The subject four-wheeler was financed by Defendant Goldcar, a finance

company.

14.    The subject Suzuki four-wheeler was designed, engineered, manufactured, and marketed by Defendants American Suzuki, Suzuki Manufacturing, Suzuki Motor, Powersports and/or Fictitious Defendants.

15.    Shortly after the purchase, Plaintiffs noticed the four-wheeler had a minor problem which needed a repair.

16.    On or about September 2, 2005, Plaintiffs took the subject vehicle to Defendant Adams for repair.

17.    At the time the four-wheeler was taken to Adams, it was defective. Additionally, the four-wheeler was under a front tie rod recall from Suzuki. Adams is an authorized dealer for Suzuki.

18.    After inspection, Defendant Adams made no repairs to the four-wheeler and failed to discover the defects and/or notify the Plaintiffs of the tie rod recall or the danger of not repairing the front tie rod. Plaintiffs were subsequently called to pick up the vehicle.

19.    On or about October 2005, Plaintiffs took the four-wheeler to the original seller, Defendant Powersports, where Powersports made a minor repair but did not replace or repair the recalled tie rod and did not notify the Plaintiffs of the defects or about the recall.

20.    At no time did any of the Defendants notify and/or inform the Plaintiffs of the dangers of the four-wheeler or the recall.

21.    On or about December 24, 2005, the four-wheeler was returned to the Plaintiffs.

22.    On or about January 11, 2006, Plaintiff Morris Mitchell was traveling down a

dirt road in Macon County, Alabama when the four-wheeler's right front tire partially disconnected causing the four-wheeler to go out of control and roll over. Mr. Mitchell was thrown into several trees.

23.     The subject 2005 Suzuki Four-wheeler was defective in its design and manufacture, and was unreasonably dangerous at the time it was released into the stream of commerce by the Defendants.

24.     At the time of the incident, the 2005 Suzuki Four-wheeler was being used and operated as intended and in a manner reasonably foreseeable to the Defendants.

25.     As a result of the 2005 Suzuki Four-wheeler's defective condition and the actions of the other named Defendants and Fictitious Defendants, Morris Mitchell was injured as follows:

    a)      he suffered a compound fracture to his femur;

    b)      he severely injured his body;

    c)      he was bruised and contused;

    d)      his ability to move and continue his normal activities was impaired and will be impaired in the future;

    e)      he has had multiple surgeries and will undergo additional surgeries in the future;

    f)      he has become severely disabled and has lost considerable time from work;

    g)      he suffered great physical pain and mental anguish and will continue to do so in the future; and

    h)      he was otherwise injured and damaged.

26.     Following the wreck of the four-wheeler, the finance company, Defendant Goldcar, and Defendant Powersports were contacted and informed of the accident. Goldcar and Powersports were told that the four-wheeler was secured and was being held for investigation purposes and as evidence in this litigation.

27.     Plaintiffs had the four-wheeler chained and locked to their house and Defendants Goldcar, Powersports and/or Fictitious Defendants cut the chain and/or lock, breached the peace, stole the lock and chain as well as taking the four-wheeler.

28.     Defendants Goldcar, Powersports and/or Fictitious Defendants trespassed onto the property of the Plaintiffs and made a wrongful repossession of the four-wheeler as well as committing theft of property.

29.     Prior to the wrongful repossession of the four-wheeler, attorney Keith Howard, on behalf of the Plaintiffs, contacted Defendant Goldcar via telephone and informed the Defendant that the four-wheeler was evidence and that it was secured by chain and lock.

30.     Attorney for the Plaintiffs also informed Defendants Goldcar and Powersports of the pending litigation personally by certified letter attached hereto as "Exhibit 1" and "Exhibit 2."

## COUNT ONE
### (ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE [AEMLD])

31.     Plaintiffs reallege and incorporate all prior paragraphs of the Complaint as if set out here in full.

32.     Defendants and/or Fictitious Defendants designed, engineered, tested,

manufactured, distributed, and marketed the 2005 Suzuki Four-wheeler which is the subject matter of this lawsuit.

33.    Said Defendants reasonably expected that the 2005 Suzuki Four-wheeler would reach the ultimate user or consumer in the condition it was in at the time of the collision.

34.    At the time of the collision, the 2005 Suzuki Four-wheeler was in substantially the same mechanical and design condition as it was on the date of its manufacture and sale.

35.    The collision events and the collision mode were reasonably foreseeable and known to the Defendants and Fictitious Defendants.

36.    The 2005 Suzuki Four-wheeler was unreasonably dangerous and defective by design in that the four-wheeler's front tie rod did not remain intact and secure under the foreseeable forces which occur while riding a four-wheeler on a dirt road.

37.    At the time of the subject collision, the 2005 Suzuki Four-wheeler was unreasonably dangerous and defective and the defects existing therein subjected Morris Mitchell to an unreasonable risk of harm in that the four-wheeler, as designed, had a substantial propensity for the front tie rod to become disconnected under foreseeable driving conditions.

38.    At the time of the subject collision, the 2005 Suzuki Four-wheeler was unreasonably dangerous and defective and the defects existing therein subjected Morris Mitchell to an unreasonable risk of harm in that the four-wheeler, as designed, had a substantial propensity for the component parts to break and/or malfunction under foreseeable driving conditions.

39.    Defendants and/or Fictitious Defendants, for valuable consideration, designed,

manufactured, sold, and/or distributed the subject 2005 Suzuki Four-wheeler that caused Morris Mitchell's injuries.

40.    Defendants and/or Fictitious Defendants knew, or in the exercise of reasonable care, should have known, the subject vehicle was unreasonably dangerous when being used in a reasonable and foreseeable manner.

41.    As a proximate consequence of the unreasonably dangerous design and/or manufacture of the subject 2005 Suzuki Four-wheeler, Morris Mitchell was injured as stated in ¶¶ 25 above.

**WHEREFORE**, Plaintiffs request compensatory damages to adequately compensate for the damages to the Plaintiffs and for punitive damages to punish for the wrong and deter such wrongful conduct in the future in such an amount as a jury may award, plus the costs of this action.

## COUNT TWO
### (CLAIM UNDER AEMLD)

42.    Plaintiff realleges and incorporates by reference all prior paragraphs of the Complaint as if set out here in full.

43.    Defendants and Fictitious Defendants sold, distributed, or otherwise placed into the stream of commerce the subject 2005 Suzuki Four-wheeler in a defective and unreasonably dangerous condition.

44.    Said Defendants failed to warn or otherwise notify the intended users or consumers of the dangerously defective conditions.

45.    Said Defendants reasonably expected that the subject 2005 Suzuki Four-wheeler would reach the ultimate user or consumer in the condition it was in at the time of the collision.

46.    At the time of the collision,  the subject 2005 Suzuki Four-wheeler was in substantially the same mechanical and design condition as it was on the date of its manufacture and sale.

47.    The collision events and the collision mode were reasonably foreseeable and known to the Defendants and Fictitious Defendants.

48.    At the time of the subject collision, the 2005 Suzuki Four-wheeler was unreasonably dangerous and defective and the defects existing therein subjected Plaintiff Mitchell to an unreasonable risk of harm in that the 2005 Suzuki Four-wheeler had a substantial propensity to fail under foreseeable use conditions.

49.    The 2005 Suzuki Four-wheeler was unreasonably dangerous and defective by design in that the front tie rod broke loose of its position causing the tire to come off under foreseeable use conditions without the operator being aware.

50.    The 2005 Suzuki Four-wheeler was unreasonably dangerous and defective by design in that the four-wheeler, as designed, had a substantial propensity for the component parts to break and/or malfunction under foreseeable driving conditions.

51.    The subject 2005 Suzuki Four-wheeler was defective in its design, manufacture, and warnings that accompany it into the stream of commerce.

52.    The Defendants knew, or in the exercise of reasonable care, should have known, the subject 2005 Suzuki Four-wheeler was unreasonably dangerous when being used in a reasonable and foreseeable manner.

53.    As a proximate consequence of the unreasonably dangerous design and/or manufacture of the subject 2005 Suzuki Four-wheeler, Plaintiff, Morris Mitchell, was injured as stated in ¶¶ 25 above.

WHEREFORE, Plaintiffs demand judgment against Defendants and/or Fictitious Defendants for such damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT THREE
### (NEGLIGENCE)

54.    Plaintiffs reallege and incorporate by reference all prior paragraphs of the Complaint as if set out here in full.

55.    Defendants and/or Fictitious Defendants negligently designed, manufactured, sold, and failed to warn or recall the subject 2005 Suzuki Four-wheeler which is the subject matter of this lawsuit.

56.    As a direct and proximate result of the negligence of Defendants and/or Fictitious Defendants, Plaintiff Mitchell was injured as described in ¶¶ 25 above.

WHEREFORE, Plaintiffs demand judgment against Defendants and/or Fictitious Defendants for such damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT FOUR
### (WANTONNESS)

57.    Plaintiffs reallege and incorporate by reference all prior paragraphs of the Complaint as if set out here in full.

58.    Defendants and/or Fictitious Defendants wantonly designed, manufactured, sold, and failed to warn or recall the subject four-wheeler which is the subject matter of this lawsuit.

59.    As a direct and proximate result of the wantonness of Defendants and/or Fictitious Defendants, Morris Mitchell was injured as described in ¶¶ 25 above.

**WHEREFORE,** Plaintiffs demand judgment against Defendants and/or Fictitious Defendants for such damages as a jury may determine to be appropriate and for the costs of this action.

## COUNT FIVE
### (WRONGFUL REPOSSESSION, BREACH OF THE PEACE AND TRESPASS)

60.    Plaintiffs reallege and incorporate by reference all prior paragraphs of the Complaint as if set out here in full.

61.    Defendant Goldcar, Powersports, other Defendants and/or Fictitious Defendants, after being informed of the possible litigation regarding the subject four-wheeler, trespassed onto the Plaintiffs' property and made a wrongful repossession of the four-wheeler, stole the chain and lock which was securing the four-wheeler to the residence of the Plaintiffs.

62.    The Defendants, in making a wrongful repossession of the subject four-wheeler, committed a breach of the peace in that the Defendants entered the Plaintiffs' property, cut the

chain and/or lock that secured the subject four-wheeler to the Plaintiffs' home and stole the chain, lock and said four-wheeler.

63.    As a direct result of the wrongful repossession, breach of the peace and trespass on the property of the Plaintiffs, the Plaintiffs were wrongfully deprived of the value of the subject four-wheeler, lock and chain.

**WHEREFORE**, Plaintiffs request compensatory damages to adequately compensate for the damages to the Plaintiffs and for punitive damages to punish for the wrong and deter such wrongful conduct in the future in such an amount as a jury may award, plus the costs of this action.

## COUNT SIX
### (THEFT OF PROPERTY)

64.    Plaintiffs reallege and incorporate by reference all prior paragraphs of the Complaint as if set out here in full.

65.    Defendant Goldcar, Powersports, other Defendants and/or Fictitious Defendants, after being informed of the possible litigation regarding the subject four-wheeler, without the consent of the owner and with the intent to permanently deprive him of the value of the property taken, trespassed onto the Plaintiffs' property and committed a theft of property.

66.    As a direct result of the theft of property of the four-wheeler, the Plaintiffs were wrongfully deprived of the value of the subject four-wheeler, lock and chain.

**WHEREFORE**, Plaintiffs request compensatory damages to adequately compensate for the damages to the Plaintiffs and for punitive damages to punish for the wrong and deter

such wrongful conduct in the future in such an amount as a jury may award, plus the costs of this action.

## COUNT SEVEN
### (SPOLIATION OF EVIDENCE)

67.     Plaintiffs reallege and incorporate by reference all prior paragraphs of the Complaint as if set out here in full.

68.     Defendant Goldcar, Powersports, other Defendants and/or Fictitious Defendants unlawfully took the subject four-wheeler from the premises of the Plaintiffs.

69.     Defendants had actual knowledge of impending and/or potential litigation as a result of the subject four-wheeler rollover accicent.

70.     A duty was imposed on the Defendants as a specific request to not take, alter or destroy the subject four-wheeler had been made by the Plaintiffs.

71.     The missing four-wheeler is one of the most vital pieces of evidence of the Plaintiffs' product liability/AEMLD claim as the four-wheeler is the defectively manufactured product at issue.

72.     Said Defendants, having consciousness of guilt, committed spoliation of evidence in that the subject four-wheeler has been altered and/or destroyed.

73.     As a direct result of the Defendants' spoliation of the subject four-wheeler, the Plaintiffs have been injured in that they were wrongfully deprived of the value of the subject four-wheeler and do not have access to the subject four-wheeler for investigative purposes and/or litigation purposes.

**WHEREFORE**, Plaintiffs request compensatory damages to adequately compensate for the damages to the Plaintiffs and for punitive damages to punish for the wrong and deter such wrongful conduct in the future in such an amount as a jury may award, plus the costs of this action.

## COUNT EIGHT
### (LOSS OF CONSORTIUM)

74.    Plaintiffs reallege and incorporate by reference all prior paragraphs of the Complaint as if set out here in full.

75.    Plaintiff Denise McPherson Mitchell is the wife of Plaintiff Morris Mitchell.

76.    In the incident giving rise to this lawsuit, Plaintiff Morris Mitchell has suffered great physical injuries, mental anguish and emotional distress.  His surgeries required him to be confined to a bed for a lengthy time.  Plaintiff Morris Mitchell is still undergoing treatment and surgeries.  Since the time of the wreck, he has been unable to work and make a living.

77.    Plaintiff Denise Mitchell was required to undertake all additional and further duties to take care of her husband, including household, family, living, and other responsibilities.

78.    Additionally, Plaintiff Denise Mitchell has lost the society, comfort, and companionship of her husband.

79.    The Defendants' and/or Fictitious Defendants' acts proximately caused the injuries to Plaintiff Morris Mitchell which give rise to the cause of action for loss of consortium to Plaintiff Denise Mitchell.

80.    Plaintiff Denise Mitchell has suffered damages as a result of the Defendants' and/or Fictitious Defendants' negligence and/or wantonness.

**WHEREFORE**, premises considered, Plaintiff Denise Mitchell demands judgment against Defendants and/or Fictitious Defendants for a reasonable and just amount of compensatory and punitive damages, plus costs.

**RESPECTFULLY** submitted this _29_ day of _March_, 2007.

MICHAEL G. STRICKLAND (STR032)
BLAINE C. STEVENS (STE091)

**OF COUNSEL:**

**Strickland & Kendall, LLC**
420 South Lawrence Street (36104)
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 (fax)

Jock Smith
Brian Strength
Valerie Russell
**Cochran, Cherry, Givens & Smith, P.C.**
P.O. Box 830419
Tuskegee, AL 36083-0419
(334) 727-0060
(334) 727-7197 (fax)

**PLAINTIFFS HEREBY DEMAND A
TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE**

*ORIGINAL*

IN THE CIRCUIT COURT OF MACON COUNTY,
ALABAMA

| | |
|---|---|
| MORRIS MITCHELL and<br>DENISE MCPHERSON MITCHELL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    CIVIL ACTION NO.: 39 |
| | ) |
| AMERICAN SUZUKI MOTOR<br>CORPORATION; et al., | )<br>)<br>) |
| Defendants. | ) |

## NOTICE TO APPOINT SPECIAL PROCESS SERVER

**COME NOW** the Plaintiffs, by and through undersigned counsel, and hereby respectfully gives notice to permit **APS International, Ltd.**, APS International Plaza, 7800 Glenroy Road, Minneapolis, MN 55439-3122, its agents, servants, and/or employees, to effect service of process on Defendant Susuki Motor Corporation in Japan in accordance with the Hague Convention and international law.

**RESPECTFULLY** submitted this _29_ day of March, 2007.

MICHAEL G. STRICKLAND (STR032)
Attorney for Plaintiff

**OF COUNSEL:**
STRICKLAND & KENDALL, LLC
Post Office Box 99
420 S. Lawrence Street
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax

Jock M. Smith
Brian P. Strength
Valerie Russell
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
P.O. Box 830419
Tuskegee , AL 36083-0419
(334) 727-0060
(334) 727-7197 fax

<u>AFFIDAVIT</u>

STATE OF CALIFORNIA                    )

COUNTY OF ORANGE                    )

BEFORE ME the undersigned authority personally appeared Alex Butt, who being first duly sworn did state and depose:

I am Alex Butt. I am over the age of 21 and I make this Affidavit on my own personal knowledge and based upon information contained in reliable records maintained in the ordinary course of business by American Suzuki Motor Corporation.

American Suzuki Motor Corporation (herein sometimes called "ASMC") is a corporation organized under the laws of the State of California with its principal place of business located in California.

I am the Legal Office Engineering Manager of ASMC.  I have reviewed the allegations made in the Complaint.  I have reviewed the business records of ASMC as they relate to the recall bulletin referred to in the Complaint.  The recall bulletin referred to in the Complaint does not concern the subject ATV.

The recall notice referred to in the complaint was issued on October 19, 2005 for a steering tie rod end replacement program on Suzuki 2005 LT-A700X ATVs. The Suzuki ATV which is the subject of this suit is a 2005 Suzuki LT-F400F ATV.

**EXHIBIT**

tables'

B

Furthermore, no recall bulletins concerning the steering tie rod end replacement have been issued for 2005 Suzuki LT-F400F ATVs, which is the ATV referred to in the Complaint.



_____
ALEX BUTT

SUBSCRIBED AND SWORN TO before me on this 9th day of ___May___, 2007, by Alex Butt, personally know to me to be the person who appeared before me.

STACY FURUYA
Commission # 1565257
Notary Public - California
Orange County
My Comm. Expires Jun 5, 2009

_____
NOTARY PUBLIC

Commission expires: ___June 5, 2009___

AFFIDAVIT

STATE OF ALABAMA                    )

COUNTY OF MONTGOMERY                )

BEFORE ME  the undersigned authority personally appeared Terry Adams, who being first duly sworn did state and depose:

I am Terry Adams. I am over the age of 21 and I make this Affidavit on my own personal knowledge and based upon information contained in reliable records maintained in the ordinary course of business by Adams Motorsports, Inc.

Adams Motorsports, Inc. herein sometimes called "Adams") is a corporation which is organized under the laws of the State of Alabama.  It has its sole place of business in Montgomery County, Alabama.

I am the Vice-President and Treasurer of Adams.  I am also the Registered Agent for Service of Process upon Adams.   I received a Summons and Complaint filed in the Circuit Court of Macon County, Alabama by Morris Mitchell and Denise McPherson Mitchell which named several defendants, to include Adams.

I have reviewed the allegations made in the Complaint.  I have reviewed the business records of Adams as they relate to the claims made by the plaintiffs.

Adams had no involvement whatsoever in the design, engineering, manufacture, assembly or sale of the 2005 Suzuki Four-wheeler (hereinafter called "the Four-wheeler") referred to in the Complaint.  Adams did not perform any service or repairs on the Four-wheeler.  Adams made no warranties with respect to the Four -wheeler.



EXHIBIT

C

In September 2005, Morris Mitchell brought the Four-wheeler to Adams in a wrecked condition. The service department examined the Four-wheeler and determined that the frame was bent and would require extensive repairs. Mr. Mitchell elected not to have the Four-wheeler repaired. The estimated cost to repair the damage to the Four-wheeler exceeded two thousand five hundred dollars ($2,500.00).

Contrary to the allegations contained in the Complaint, there was no recall of the front tie-rod on the Four-wheeler. The 2005 Suzuki Four-wheeler described in the Complaint was never the subject of a recall bulletin that related to the front tie rod.

There is nothing that Adams did or failed to do which could have contributed in any manner to the accident described in the complaint. The Four-wheeler was at Adams on one occasion only. It came in to Adams in a damaged condition and left in exactly the same condition.

TERRY ADAMS

SWORN TO and SUBSCRIBED before me this 26 day of ___APRIL___, 2007.

NOTARY PUBLIC

Commission expires: __1/31/2007__