IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MORRIS MITCHELL and )
DENISE McPHERSON MITCHELL, )
)
    Plaintiffs, )
)
vs. ) Civil Action No.: 3:07-cv-418-MEF
)
AMERICAN SUZUKI MOTOR )
CORPORATION; et al., )
)
    Defendants. )
)

## MOTION TO DISMISS OR IN THE ALTERNATE FOR JUDGMENT ON THE PLEADINGS

COMES NOW the defendant, Adams Motorsports, Inc. (hereinafter called "Adams") and moves this Court enter its order finding that Adams has been fraudulently joined as a defendant and dismissing it as a defendant herein. In the alternative Adams moves that this Court enter a judgment in its favor on the pleadings, pursuant to the provisions of Rule 12 (c) *F.R.Civ.Pro.* and for grounds would show unto the Court as follows:

    1.    The allegations of the complaint confirm that the 2005 Suzuki four-wheeler made subject of the Complaint (herein called "the four-wheeler") was not purchased from Adams (Complaint ¶12).

    2.    The Plaintiff alleges that he took the four-wheeler to Adams for repair because of a "minor problem". (Complaint¶16)

3. Further the Plaintiff alleges that when the four-wheeler was at Adams for repairs, it was under recall from Suzuki (Complaint ¶¶17-18).

4. The plaintiff alleges that the four-wheeler was defective as a product of its design and manufacture (Complaint ¶23). The Plaintiff contends that Adams failed to recognize a defective condition in the tie rod or advise the Plaintiff of the recall. (Complaint ¶ 18)

5. The complaint acknowledges that Adams made no repairs to the four-wheeler. Adams found the "minor problem" to be that the frame of the four-wheeler was bent and estimated the cost of repairs to exceed $2,500. The Plaintiff elected not to have the repairs made (See Adams Affidavit being Exhibit "C" to the Removal Petition and attached hereto for ready reference).

6. The Count One of the Complaint claims breaches of the Alabama Extended Manufacturers Liability Doctrine against all defendants. It is undisputed that Adams neither sold, designed, engineered, manufactured, nor distributed or marketed the subject four-wheeler. (See Adams Affidavit)

7. Count Two claims failure to warn under the AEMLD of a defective condition, existing as a result of the design or manufacture that caused the four-wheeler to be the subject of a manufacturer's recall. In addition to the fact that Adams neither designed nor manufactured the four-wheeler, the condition alleged to have been dangerous or defective (a front tie-rod subject to recall) did not exist in the four-wheeler (see Butt affidavit attached as Exhibit B to the Petition for Removal, also attached hereto for ready reference and Adams affidavit .)

8. Counts Three and Four allege negligence and wantonness in the design, manufacture, sale, or recall of the four-wheeler and a failure to warn concerning the dangerous condition related to the tie-rod. For the reasons stated above and as set out in Exhibits B and C to the Removal Petition, Adams committed none of the acts complained of in Counts Three and Four.

9. Counts Five, Six and Seven of the Complaint, make no allegation that Adams was in any manner involved in the repossession, trespass or theft of the property in question or any spoliation of evidence. (¶¶ 26-30 as incorporated into Counts Five and Six). In addition the spoliation of evidence, even if occurring, does not create an independent cause of action.

10. The 11th Circuit has found fraudulent joinder can occur in three specific situations, the first of which is that "...there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant". *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

11. This Court must make a determination as to whether or not joinder was fraudulent based upon the Complaint in that it was the sole pleading at the time of removal but, "the Court may consider affidavits and deposition transcripts submitted by the parties". *Crow v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A fraudulently joined party is due to be dismissed when there is no possibility that the plaintiff can prove a cause of action against it.

12. This Court may disregard, for jurisdictional purposes, the citizenship of the non-diverse defendant Adams, may assume jurisdiction over this case, and may

dismiss Adams being the fraudulently joined non-diverse jurisdiction and thereby retain jurisdiction of the case. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

13. Within the meaning of the *Tapscott* doctrine, as articulated in *Tapscott vs. MS Dealer Serv. Co.*, 77 F.3d, 1353, 1360 (11th Cir. 1996) Adams has been fraudulently joined in this case.

14. Adams further incorporates herein by reference as if set out in full the matters contained in the Notice of Removal filed herein by American Suzuki Motor Corporation and Suzuki Manufacturing of America Corporation and all exhibits thereto.

WHEREFORE, the premises considered, Adams Motorsports respectfully moves this Court enter an order dismissing it as a defendant herein, while retaining jurisdiction over this cause, disregarding Adams as a defendant for determining the removability of this case and the diversity of citizenship between the plaintiff and the remaining defendants.

BALL, BALL, MATTHEWS & NOVAK, P.A.

/s/ Tabor R. Novak, Jr.
NOVA9503
Attorney for Defendant Adams Motorsports, Inc.

2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
Telephone: 334/387-7680
Telecopier: 334/387-3222

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lindsay B. Erwin, Esq.
Meacham, Earley & Jones, P.C.
P. O. Box 9031
Columbus, Georgia 31908-9031

John D. Mayo, Esq.
Jere F. White, Jr., Esq.
S. Andrew Kelly, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

Michael G. Strickland, Esq.
Blaine C. Stevens, Esq.
Strickland & Kendall, LLC
420 South Lawrence Street
Montgomery, Alabama 36104

Jock M. Smith, Esq.
Brian P. Strength, Esq.
Valerie R. Russell, Esq.
Cochran, Cherry, Givens & Smith, P.C.
P. O. Box 830419
Tuskegee, Alabama 36083

S. Allen Martin, Jr., Esq.
400 Second Avenue
P. O. Box 2526
Opelika, Alabama 36803-2526

/s/ Tabor R. Novak, Jr.
OF COUNSEL

## AFFIDAVIT

STATE OF CALIFORNIA )

COUNTY OF ORANGE )

BEFORE ME the undersigned authority personally appeared Alex Butt, who being first duly sworn did state and depose:

I am Alex Butt. I am over the age of 21 and I make this Affidavit on my own personal knowledge and based upon information contained in reliable records maintained in the ordinary course of business by American Suzuki Motor Corporation.

American Suzuki Motor Corporation (herein sometimes called "ASMC") is a corporation organized under the laws of the State of California with its principal place of business located in California.

I am the Legal Office Engineering Manager of ASMC. I have reviewed the allegations made in the Complaint. I have reviewed the business records of ASMC as they relate to the recall bulletin referred to in the Complaint. The recall bulletin referred to in the Complaint does not concern the subject ATV.

The recall notice referred to in the complaint was issued on October 19, 2005 for a steering tie rod end replacement program on Suzuki 2005 LT-A700X ATVs. The Suzuki ATV which is the subject of this suit is a 2005 Suzuki LT-F400F ATV.


EXHIBIT B

Furthermore, no recall bulletins concerning the steering tie rod end replacement have been issued for 2005 Suzuki LT-F400F ATVs, which is the ATV referred to in the Complaint.

_____
ALEX BUTT

SUBSCRIBED AND SWORN TO before me on this 9th day of May, 2007, by Alex Butt, personally know to me to be the person who appeared before me.

STACY FURUYA
Commission # 1565257
Notary Public - California
Orange County
My Comm. Expires Jun 5, 2009

NOTARY PUBLIC _____

Commission expires: June 5, 2009

## AFFIDAVIT

STATE OF ALABAMA )

COUNTY OF MONTGOMERY )

BEFORE ME the undersigned authority personally appeared Terry Adams, who being first duly sworn did state and depose:

I am Terry Adams. I am over the age of 21 and I make this Affidavit on my own personal knowledge and based upon information contained in reliable records maintained in the ordinary course of business by Adams Motorsports, Inc.

Adams Motorsports, Inc. herein sometimes called "Adams") is a corporation which is organized under the laws of the State of Alabama. It has its sole place of business in Montgomery County, Alabama.

I am the Vice-President and Treasurer of Adams. I am also the Registered Agent for Service of Process upon Adams. I received a Summons and Complaint filed in the Circuit Court of Macon County, Alabama by Morris Mitchell and Denise McPherson Mitchell which named several defendants, to include Adams.

I have reviewed the allegations made in the Complaint. I have reviewed the business records of Adams as they relate to the claims made by the plaintiffs.

Adams had no involvement whatsoever in the design, engineering, manufacture, assembly or sale of the 2005 Suzuki Four-wheeler (hereinafter called "the Four-wheeler") referred to in the Complaint. Adams did not perform any service or repairs on the Four-wheeler. Adams made no warranties with respect to the Four-wheeler.



EXHIBIT C

In September 2005, Morris Mitchell brought the Four-wheeler to Adams in a wrecked condition. The service department examined the Four-wheeler and determined that the frame was bent and would require extensive repairs. Mr. Mitchell elected not to have the Four-wheeler repaired. The estimated cost to repair the damage to the Four-wheeler exceeded two thousand five hundred dollars ($2,500.00).

Contrary to the allegations contained in the Complaint, there was no recall of the front tie-rod on the Four-wheeler. The 2005 Suzuki Four-wheeler described in the Complaint was never the subject of a recall bulletin that related to the front tie rod.

There is nothing that Adams did or failed to do which could have contributed in any manner to the accident described in the complaint. The Four-wheeler was at Adams on one occasion only. It came in to Adams in a damaged condition and left in exactly the same condition.

_____
TERRY ADAMS

SWORN TO and SUBSCRIBED before me this 26 day of APRIL, 2007.

_____
NOTARY PUBLIC
Commission expires: 1/31/2007