**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION**

| | | |
|---|---|---|
| **MORRIS MITCHELL and DENISE** | * | |
| **MCPHERSON MITCHELL,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civil Action Number:** |
| **v.** | * | |
| | * | **3:07cv418-MEF** |
| **AMERICAN SUZUKI MOTOR** | * | |
| **CORPORATION; et al.,** | * | |
| | * | |
| **Defendants.** | * | |

<u>**DEFENDANT EXTREME POWERSPORTS, INC.'S
AMENDED ANSWER TO COMPLAINT**</u>

Comes now the Defendant Extreme Powersports, Inc. (hereinafter, the "Defendant") in the above-styled action and amends its Answer to the Complaint previously filed herein and states as follows:

<u>**STATEMENT OF THE PARTIES**</u>

1.      Upon information and belief, the Defendant admits paragraph 1.

2.      Upon information and belief, the Defendant admits paragraph 2.

3.      Upon information and belief, the Defendant admits paragraph 3.

4.      Upon information and belief, the Defendant admits paragraph 4.

5.      Upon information and belief, the Defendant admits paragraph 5.

6.      Upon information and belief, the Defendant admits paragraph 6.

7.      The Defendant admits paragraph 7.

8.      Upon information and belief, the Defendant admits paragraph 8.

9.      Paragraph 9 contains no allegations directed at this Defendant, and, accordingly, no response is required.  To the extent a response may be required, the Defendant denies any liability arising out of the allegations contained in this paragraph of the Complaint.

10.      Paragraph 10 contains no allegations directed at this Defendant, and, accordingly, no response is required.  To the extent a response may be required, the Defendant denies any liability arising out of the allegations contained in this paragraph of the Complaint.

11.      Paragraph 11 contains no allegations directed at this Defendant, and, accordingly, no response is required.  To the extent a response may be required, the Defendant denies any liability arising out of the allegations contained in this paragraph of the Complaint.

## STATEMENT OF THE FACTS

12.      The Defendant admits paragraph 12.

13.      The Defendant admits paragraph 13.

14.      The Defendant admits that it sold the ATV at issue.  The remaining allegations of paragraph 14 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

15.      The allegations of paragraph 15 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

2

16.     The allegations of paragraph 16 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

17.     The Defendant denies that the ATV was defective at the time it sold the ATV to the Plaintiff Morris Mitchell.  The Defendant denies that the ATV was or has ever been under a front tie rod recall program.  The remaining allegations of paragraph 17 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

18.     The Defendant denies that the ATV was defective at the time it sold the ATV to the Plaintiff Morris Mitchell.  The Defendant denies that the ATV was or has ever been under a front tie rod recall program.  The remaining allegations of paragraph 18 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

19.     The Defendant admits that the Plaintiff brought the ATV to its business in the fall of 2005.  The Defendant denies that the ATV was defective at the time it sold the ATV to the Plaintiff.  The Defendant denies that the ATV was or has ever been under a front tie rod recall program.  The remaining allegations of paragraph 19 are denied.

20.     The Defendant denies that the ATV was defective at the time it sold the ATV to the Plaintiff.  The Defendant denies that the ATV was or has ever been under a front tie rod recall program.  The remaining allegations of paragraph 20 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

21.     The allegations of paragraph 21 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

22.    The allegations of paragraph 22 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

23.    The allegations of paragraph 23 are denied.

24.    Upon information and belief, the allegations of paragraph 24 are denied.

25.    The Defendant denies that the ATV was defective at the time it sold the ATV to the Plaintiff.  The Defendant denies that it caused the injuries asserted in this paragraph of the Complaint and further denies any liability arising out of the allegations contained in this paragraph of the Complaint.  The remaining allegations of paragraph 25 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

26.    The allegations of paragraph 26 are denied.

27.    The allegations of paragraph 27 are denied.

28.    The allegations of paragraph 28 are denied.

29.    The allegations of paragraph 29 are denied.

30.    The allegations of paragraph 30 are denied.

## COUNT ONE

### ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE (AEMLD)

31.    The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 30 by reference.

4

32.     The Defendant admits that it sold the ATV at issue.  The Defendant denies the remaining allegations in paragraph 32.

33.     The Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of the Defendant.  The Defendant denies the remaining allegations in paragraph 33.

34.      The Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of the Defendant.  The Defendant denies the remaining allegations in paragraph 34.

35.     The Defendant denies the allegations of paragraph 35.

36.     The Defendant denies the allegations of paragraph 36.

37.     The Defendant denies the allegations of paragraph 37.

38.     The Defendant denies the allegations of paragraph 38.

39.     The Defendant admits that it sold the ATV at issue.  The Defendant denies the remaining allegations in paragraph 39.

40.     The Defendant denies the allegations of paragraph 40.

41.     The Defendant denies the allegations of paragraph 41.

In response to the unnumbered paragraph of the Complaint following paragraph 41, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## COUNT TWO

### CLAIM UNDER AEMLD

42.     The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 41 by reference.

43.     The Defendant admits that it sold the ATV at issue.  The Defendant denies the remaining allegations in paragraph 43.

44.     The Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of the Defendant.  The Defendant denies the remaining allegations in paragraph 44.

45.     The Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of the Defendant.  The Defendant denies the remaining allegations in paragraph 45.

46.     The Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of the Defendant.  The Defendant denies the remaining allegations in paragraph 46.

47.     The Defendant denies the allegations of paragraph 47.

48.    The Defendant denies the allegations of paragraph 48.

49.    The Defendant denies the allegations of paragraph 49.

50.    The Defendant denies the allegations of paragraph 50.

51.    The Defendant denies the allegations of paragraph 51.

52.    The Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of the Defendant.  The Defendant denies the remaining allegations in paragraph 52.

53.    The Defendant denies the allegations of paragraph 53.

In response to the unnumbered paragraph of the Complaint following paragraph 53, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## COUNT THREE

### NEGLIGENCE

54.    The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 53 by reference.

55.    The Defendant denies the allegations of paragraph 55.

56.    The Defendant denies the allegations of paragraph 56.

In response to the unnumbered paragraph of the Complaint following paragraph 56, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## COUNT FOUR

### WANTONNESS

57.     The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 56 by reference.

58.     The Defendant denies the allegations of paragraph 58.

59.     The Defendant denies the allegations of paragraph 59.

In response to the unnumbered paragraph of the Complaint following paragraph 59, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## COUNT FIVE

### WRONGFUL REPOSSESSION, BREACH OF THE PEACE AND TRESPASS

60.     The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 59 by reference.

61.     The Defendant denies the allegations of paragraph 61.

62.     The Defendant denies the allegations of paragraph 62.

63.     The Defendant denies the allegations of paragraph 63.

In response to the unnumbered paragraph of the Complaint following paragraph 63, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## COUNT SIX

### THEFT OF PROPERTY

64.     The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 63 by reference.

65.     The Defendant denies the allegations of paragraph 65.

66.     The Defendant denies the allegations of paragraph 66.

In response to the unnumbered paragraph of the Complaint following paragraph 66, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## COUNT SEVEN

### SPOLIATION OF EVIDENCE

67.     The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 66 by reference.

68.     The Defendant denies the allegations of paragraph 68.

69.     The Defendant denies the allegations of paragraph 69.

70.     The Defendant denies the allegations of paragraph 70.

71.     The Defendant denies the allegations of paragraph 71.

72.     The Defendant denies the allegations of paragraph 72.

73.     The Defendant denies the allegations of paragraph 73.

In response to the unnumbered paragraph of the Complaint following paragraph 73, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## COUNT EIGHT

### LOSS OF CONSORTIUM

74.     The Defendant reincorporates the answers to the allegations in each of paragraphs 1 through 73 by reference.

75.     Upon information and belief, the allegations of paragraph 75 are admitted.

76.     The allegations of paragraph 76 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

77.     The allegations of paragraph 77 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

78.     The allegations of paragraph 78 are denied, in that the Defendant does not have sufficient information to admit or deny the allegations.

79.     The Defendant denies the allegations of paragraph 79.

10

80.     The Defendant denies the allegations of paragraph 80.

In response to the unnumbered paragraph of the Complaint following paragraph 80, the Defendant denies that the Plaintiffs are entitled to a judgment against the Defendant or to any damages or any other relief from the Defendant.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Defendant pleads the general issue denying each and every allegation of the Complaint and demanding strict proof thereof.

## THIRD DEFENSE

The Defendant alleges that the Plaintiff Morris Mitchell's negligence on the occasion complained of proximately caused or contributed to his injuries and damages and the injuries and damage of the Plaintiff Denise McPherson Mitchell; therefore, the Plaintiffs are barred from recovery.

## FOURTH DEFENSE

The Defendant alleges that the Plaintiff Morris Mitchell's assumption of the risk on the occasion complained of proximately caused or contributed to his injuries and damages and the injuries and damages of the Plaintiff Denise McPherson Mitchell; therefore, the Plaintiffs are barred from recovery.

## FIFTH DEFENSE

The Plaintiffs' claims, separately and severally, are barred because the damages and injuries alleged in the Complaint were not caused by this Defendant, but any such damages and injuries were the proximate result of the conduct of other persons over whom the Defendant had no control and for whom this Defendant is not responsible.

## SIXTH DEFENSE

The damages and injuries allegedly sustained by the Plaintiffs were not proximately caused by any conduct of the Defendant but were the proximate results of supervening or intervening causes or circumstances.

## SEVENTH DEFENSE

Any alleged non-conforming or defective condition of the ATV at issue was the result of abuse, neglect, modification, or alteration of the ATV.

## EIGHTH DEFENSE

The Defendant avers that the Plaintiffs or some other individual misused the ATV at issue, and such misuse was the proximate cause of the alleged injuries.

## NINTH DEFENSE

The Defendant avers that the Plaintiffs used the ATV in a manner not intended or foreseen by the manufacturer.

## TENTH DEFENSE

The Defendant denies that it failed to warn the Plaintiffs.

**ELEVENTH DEFENSE**

The Defendant denies that the ATV was defective when the ATV left the possession and control of the Defendant.

**TWELFTH DEFENSE**

With respect to the Plaintiffs' claim for punitive damages, the Plaintiffs' action for and pursuit of punitive damages herein, separately and severally, the Defendant adds and assigns the following grounds:

1.    The Defendant denies that it is guilty of conduct referable to which punitive damages could or should be awarded and denies that the Plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against the Defendant.

2.    The Plaintiffs' claims for the recovery of punitive damages are barred by and/or subject to all applicable limitations established by the Alabama legislature including those set forth in § 6-11-21, *et seq.*, CODE OF ALABAMA.

3.    The Defendant denies that it was or has engaged in a pattern or practice of intentional wrongful conduct, and denies that the Plaintiffs have produced evidence sufficient to support or sustain a pattern or practice of intentional wrongful conduct by the Defendant so as to justify an award of punitive damages.

4.    The Plaintiffs cannot recover punitive damages against the Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the ALABAMA CONSTITUTION OF 1901, as amended (the "Alabama

Constitution"), and the CONSTITUTION OF THE UNITED STATES (the "United States Constitution"), unless the Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

5.      Subjecting or affirming an award of punitive damages against the Defendant in this case would amount to and constitute a denial of due process as afforded by the due process clause of the Fourteenth Amendment to the UNITED STATES CONSTITUTION, and by the due process clause of Art. I, § 13 of the ALABAMA CONSTITUTION, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)      Any award of punitive damages against the Defendant under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of evidence beyond a reasonable doubt;

(b)      There is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award, and such an award is subject to no predetermined limit;

(c)      Use of ALABAMA PATTERN JURY INSTRUCTION 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

(d)     Any punitive damage award would not be subject to post-trial and judicial review on the basis of objective standards and criteria;

(e)     The power and authority imposed upon the jury under Alabama law as to the amount of a punitive damage award is so relatively unfettered that there is lacking any reasonable or logical standard, uniformity, criteria or guidance in the assessment of the amount of the award of punitive damages;

(f)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the Defendant's alleged wrongful or culpable conduct;

(g)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h)     Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages or amount of compensatory damages;

(i)     In the event that a single verdict be mandated against all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several verdict against all defendants whereby punitive damages could be assessed against one defendant

15

based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against the Defendant for any portion of that judgment regardless of the Defendant's culpability, or relative culpability;

(j)     Should the Court require the award of punitive damages in a single joint and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

(k)     Where a joint and several punitive damage award is mandated to be in a single amount, against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the culpability of the conduct of the respective defendants;

(l)     An award of punitive damages would constitute an arbitrary and capricious taking of property of the Defendant without due process of law;

(m)     An award of punitive damages may be assessed against the Defendant for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of the Defendant;

(n)     An award of punitive damages may be assessed against the Defendant "vicariously" as a principle without any further proof of independent wrongful conduct or ratification by the Defendant;

(o)    Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(p)    Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(q)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the Defendant;

(r)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(s)    The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(t)    The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

6.    To award punitive damages against the Defendant in this case would violate the excessive fines provision of the Eighth Amendment to the UNITED STATES CONSTITUTION and Art. I, § 15 of the ALABAMA CONSTITUTION.

7.    To award punitive damages against the Defendant in this case would have a chilling effect upon the Defendant's rights to open access to the courts of this State, in violation

of the UNITED STATES CONSTITUTION and the ALABAMA CONSTITUTION, separately and severally.

8.      To award punitive damages against the Defendant in this case would violate the commerce clause of the UNITED STATES CONSTITUTION by chilling and impeding the Defendant from engaging in interstate commerce, and such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

9.      The Plaintiffs are not entitled to punitive damages from the Defendant pursuant to the facts as alleged in the Plaintiffs' Complaint.

10.     The Plaintiffs' claims for punitive damages against the Defendant are barred by the Fourteenth Amendment to the UNITED STATES CONSTITUTION and by the ALABAMA CONSTITUTION.

11.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, this Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the UNITED STATES CONSTITUTION, and Article 1, §§ 1, 6, and 22 of the ALABAMA CONSTITUTION, separately and severally.

12.     The Plaintiffs' Complaint seeks to make this Defendant liable for punitive damages. The Supreme Court of the United States has issued opinions in the cases styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S.Ct. 1678, 149 L.Ed 2d 674 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), on the issue of punitive

damages. The Defendant adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decisions of the Supreme Court of the United States in those cases.

13.    The Plaintiffs' claim for punitive damages violates the rights of this Defendant to due process and equal protection of the law as guaranteed by the UNITED STATES CONSTITUTION and the ALABAMA CONSTITUTION in that the procedure for post-trial review of punitive damages set forth in *Hammond v. City of Gadsden* and *Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

(a)    The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)    The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for this Defendant;

(c)    The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)    The *Hammond* and *Green Oil* procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)    This procedure is inadequate in that the trial court, according to *Hammond* and *Green Oil*, "may" take certain factors into account and these procedures lack

predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)     The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

14.    The Defendant avers that ALABAMA CODE § 8-8-10 (1975) is unconstitutional as it applies to the imposition of post-judgment interest to a punitive damages award.

15.    The Defendant has acted at all times in compliance with all regulatory requirements under State and Federal law applicable to the phase of its operations complained of by the Plaintiffs so punitive damages cannot be awarded to the Plaintiffs.

16.    In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed by § 6-11-20, ALA. CODE 1975, then, and to that extent, said section violates the ALABAMA CONSTITUTION and the UNITED STATES CONSTITUTION, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

## THIRTEENTH DEFENSE

The Plaintiffs' demand for punitive damages constitutes double jeopardy and violates the ALABAMA and UNITED STATES CONSTITUTIONS.

## FOURTEENTH DEFENSE

The Plaintiffs are not entitled to a jury trial with respect to the claims for punitive damages.

20

## FIFTEENTH DEFENSE

The Defendant is not guilty.

## SIXTEENTH DEFENSE

The Defendant did not act negligently or wantonly.

## SEVENTEENTH DEFENSE

The Defendant denies that it breached any duty owed to the Plaintiffs.

## EIGHTEENTH DEFENSE

If it is determined that any form of recovery has been made by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then the Defendant claims the benefit of such recovery by way of set-off, payment, credit, recoupment, accord and satisfaction, or otherwise.

## NINETEENTH DEFENSE

The Defendant denies that the Plaintiffs are entitled to damages of the nature, type, and/or amount sought in the Plaintiffs' Complaint.

## TWENTIETH DEFENSE

There should be no recovery against the Defendant based on the Alabama Extended Manufacturer's Liability Doctrine because there is no causal relation between the activities of the Defendant and the injuries of which the Plaintiffs now complain.

## **TWENTY-FIRST DEFENSE**

Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the UNITED STATES CONSTITUTION and/or the common law and/or the public policies of the United States on the following grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a Defendant, which violates the Defendant's rights to due process as guaranteed by the UNITED STATES CONSTITUTION.

(b)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the Fourteenth Amendment of the UNITED STATES CONSTITUTION.

(c)     The Plaintiffs' claims for such damages against this Defendant's cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose and will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the UNITED STATES CONSTITUTION.

(d)     The Plaintiffs' claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)    The Plaintiffs' claims for such damages and the provisions of Alabama law governing the right to recover such damages or the determination of such damages are unconstitutionally vague, indefinite, and uncertain, and they deprive this Defendant of due process of law.

(f)    The Plaintiffs' claims for such damages and the provisions of Alabama law governing the right to recover such damages or the determination of such damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards.

(g)    The procedures pursuant to which mental anguish damages are awarded subject the Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the UNITED STATES CONSTITUTION.

(h)    The Plaintiffs' claims for such damages and the provisions of Alabama law governing the right to recover such damages or the determination of damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on the Defendant's exercise of its right to a judicial resolution of this dispute.

(i)    An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

## TWENTY-SECOND DEFENSE

The Plaintiffs' claims are barred by virtue of the assumption of the risks posed by open and obvious dangers.

## TWENTY-THIRD DEFENSE

The Defendant hereby adopts and incorporates herein any and all affirmative defenses plead by other Defendants.

## TWENTY-FOURTH DEFENSE

Except as expressly admitted herein, the Defendant denies all allegations contained in the Plaintiffs' Complaint.

## TWENTY-FIFTH DEFENSE

The Defendant reserves the right to amend its Answer to assert additional affirmative or supplemental defenses after completion of further investigation and discovery herein.

s/ S. Allen Martin, Jr.
_____
Stanley A. Martin (MAR049)
S. Allen Martin, Jr. (MAR149)
Attorneys for Defendant
Extreme Powersports, Inc.

Post Office Box 2526
Opelika, Alabama  36803-2526
(334) 749-4142
(334) 749-4131 FAX
amartin@stanmartinlaw.com
smartin@stanmartinlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 1st day of June, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Honorable Michael G. Strickland
Strickland & Kendall, LLC
420 South Lawrence Street
Montgomery, AL 36104

Honorable Brian P. Strength
Cochran, Cherry, Givens & Smith, P.C.
P.O. Box 830419
Tuskegee, AL 36083

Honorable John Dickson Mayo
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200

Honorable Lindsey Brooke Erwin
Meacham, Earley & Fowler
5704 Veterans Pkwy
Columbus, GA 31904-9004

Tabor Robert Novak, Jr.
Ball, Ball, Matthews & Novak P.A.
P.O. Box 2148
Montgomery, AL 36102-2148

s/ S. Allen Martin, Jr.
Stanley A. Martin
S. Allen Martin, Jr.

25