## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS MITCHELL and DENISE MCPHERSON MITCHELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 3:07-CV-418 |
| AMERICAN SUZUKI MOTOR CORPORATION; et al., | ) ) ) | |
| Defendants.. | ) ) ) | |

### ANSWER OF DEFENDANT SUZUKI MOTOR CORPORATION

Defendant Suzuki Motor Corporation ("SMC") answers Plaintiffs' Complaint ("Complaint"), and each and every count and claim therein, as follows:

### FIRST DEFENSE

Defendant denies the material allegations of the Complaint and demands strict proof thereof.

### SECOND DEFENSE

Defendant avers that venue in the state court action was improper or would have been more convenient in another forum.

### THIRD DEFENSE

Defendant avers that this Court lacks personal jurisdiction over the Defendant.

### FOURTH DEFENSE

Defendant denies that any conduct on its part was the proximate cause of the Plaintiffs' claimed injuries and damages.

## FIFTH DEFENSE

Defendant denies that its conduct was in any manner negligent or wanton.

## SIXTH DEFENSE

Defendant avers that the ATV involved in the accident was substantially modified or altered after it left Defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of the Plaintiffs' alleged injuries and damages.

## SEVENTH DEFENSE

Defendant avers that all of the Plaintiffs' injuries and damages were caused by the acts or omissions of others for whom Defendant owes no legal responsibility.

## EIGHTH DEFENSE

Defendant denies that the Plaintiffs were injured or harmed in any way by any act or omission by Defendant or any of its agents.

## NINTH DEFENSE

Any alleged non-conforming or defective condition of the subject ATV was the result of abuse, neglect, modification or alteration of the ATV that was not authorized by Defendant.

## TENTH DEFENSE

Defendant avers that Plaintiffs, or some other individual(s), were guilty of contributory negligence and that this negligence proximately caused or contributed to cause the alleged injuries and damages.

## ELEVENTH DEFENSE

The claims alleged against Defendant in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

### TWELFTH DEFENSE

Defendant avers that the Plaintiffs' claimed injuries and damages were the result of assumption of the risk, and that said assumption of the risk was the proximate cause of the Plaintiffs' claimed injuries and damages.

### THIRTEENTH DEFENSE

Defendant avers that the Plaintiffs or some other individual(s) misused the subject ATV, and such misuse was the proximate cause of the alleged injuries.

### FOURTEENTH DEFENSE

Defendant denies that it failed to warn the Plaintiffs.

### FIFTEENTH DEFENSE

The Complaint fails to state any claim for which punitive damages can be awarded.

### SIXTEENTH DEFENSE

The Complaint fails to state a claim under any liability theory other than the Alabama Extended Manufacturer's Liability Doctrine.

### SEVENTEENTH DEFENSE

Imposition of punitive damages against Defendant in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### EIGHTEENTH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the sale of the specific ATV that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of

Alabama, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.  In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama.

## NINETEENTH DEFENSE

The procedure and methods asserted for awarding punitive damages against Defendant in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

## TWENTIETH DEFENSE

Any claim of punitive damages against Defendant cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

## TWENTY-FIRST DEFENSE

Any claim of punitive damages against Defendant cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

## TWENTY-SECOND DEFENSE

Unless Defendant's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

### TWENTY-THIRD DEFENSE

Any claim of the Plaintiffs for punitive damages against Defendant cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

### TWENTY-FOURTH DEFENSE

Any claim of the Plaintiffs for punitive damages against Defendant cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

### TWENTY-FIFTH DEFENSE

In 1987, the Alabama Legislature, in Ala. Code § 6-11-21, established a cap on punitive damages of $250,000.00, absent a showing of pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation. On June 25, 1993, the Alabama Supreme Court released its opinion in *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), and held that the cap on punitive damages established by Ala. Code § 6-11-21 violated the Alabama Constitution. On June 24, 1994, the United States Supreme Court released its opinion in *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415 (1994). In its opinion, the Court specifically recognized that its previous opinions in *TXO and Haslip* prevent state courts from abolishing limits on punitive damage awards. The Court stated "[t]he *TXO* and *Haslip* opinions established that

5

states <u>cannot abolish limits on the award of punitive damages</u>." *Oberg,* 512 U.S. at 431 n.9 (emphasis added). Pursuant to the Supremacy Clause of the United States Constitution, *Oberg* overrules the Alabama Supreme Court's opinion in *Henderson* and reestablishes the cap on punitive damages under Ala. Code § 6-11-21, prior to its readoption and effective date in 1999. In addition, the Alabama Supreme Court, in *Goodyear Tire and Rubber Co. and Nathaniel Willie Jefferson Brock v. Vinson*, 1999 WL 236503 (Ala. July 2, 1999), has criticized the *Henderson* opinion and indicated its willingness to revisit its decision holding the cap unconstitutional.

### TWENTY-SIXTH DEFENSE

Any claim of the Plaintiffs for punitive damages against Defendant cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating the Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

### TWENTY-SEVENTH DEFENSE

The claims alleged against Defendant in the Complaint are barred by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that Plaintiffs' claims are expressly and impliedly preempted by federal law.

### TWENTY-EIGHTH DEFENSE

Any claim of the Plaintiffs for punitive damages against Defendant cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously

discriminatory characteristics, including the corporate status of Defendant, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## TWENTY-NINTH DEFENSE

Any claim of the Plaintiffs for punitive damages against Defendant cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## THIRTIETH DEFENSE

Any claim of the Plaintiffs for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and

the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## THIRTY-FIRST DEFENSE

Section 6-11-21, Code of Alabama, bars Plaintiffs' claims for punitive damages to the extent they exceed the section's $250,000 limit, which has been established by the Alabama Legislature as the outer limit of reasonableness for awards of punitive damages as a matter of public policy. The Alabama Supreme Court's action in striking down this legislative mandate was beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution; therefore, the action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

## THIRTY-SECOND DEFENSE

Shortly after the Alabama Supreme Court publicly criticized its *Henderson* decision, the Alabama Legislature, by amending Ala. Code § 6-11-21, re-established the cap on the amount of punitive damages in a case involving injury to three times the compensatory damages awarded to the party claiming punitive damages, or $1,500,000.00, whichever is greater. Such amendment to this Code section was effective June 7, 1999, and applies to all actions commenced more than 60 days after such effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

## THIRTY-THIRD DEFENSE

Pursuant to Alabama Code § 6-11-21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

8

### THIRTY-FOURTH DEFENSE

Pursuant to Ala. Code § 6-11-21, Defendant is not liable for any portion of any award of punitive damages wherein there has been no express findings that Defendant engaged in conduct as defined in Ala. Code § 6-11-20. Defendant is not jointly and severally liable to the Plaintiffs for any award of punitive damages.

### THIRTY-FIFTH DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if Plaintiffs prove by clear and convincing evidence that Defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiffs. Accordingly, Plaintiffs are not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

### THIRTY-SIXTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendant in this case.

### THIRTY-SEVENTH DEFENSE

Defendant contests the amount and nature of the damages claimed by the Plaintiffs.

### THIRTY-EIGHTH DEFENSE

Defendant denies that the ATV described in the Complaint was defective when the ATV left the possession of Defendant.

### THIRTY-NINTH DEFENSE

Defendant avers that the Plaintiffs' claimed damages were the result of superseding and intervening acts other than the alleged defects in the subject ATV.

## FORTIETH DEFENSE

Defendant avers that Plaintiffs' claimed damages were the result of an independent, intervening event and that said event was the proximate cause of Plaintiffs' damages, and the alleged defect in the subject ATV was not the proximate cause of Plaintiffs' alleged damages.

## FORTY-FIRST DEFENSE

Defendant avers that the invitation for a court or jury to impose liability on Defendant for an ATV designed in conformance with the standards set by the United States government would deny Defendant due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## FORTY-SECOND DEFENSE

Defendant avers that the invitation for a court or jury to impose liability on Defendant for an ATV designed in conformance with standards set by the United States government would be contrary to the public policy of Alabama and the United States.

## FORTY-THIRD DEFENSE

If it is established that this Defendant is in any manner legally responsible for any of the damages claimed by Plaintiffs, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, this Defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## FORTY-FOURTH DEFENSE

Defendant asserts as a defense, credit or set-off against the damages claimed by the Plaintiffs, the settlement (and any monies paid pursuant thereto) between the Plaintiffs and any

other person or entity and also any monies paid to or on behalf of the Plaintiffs for injuries or damages suffered in the incident made the basis of this case by any source.

**FORTY-FIFTH DEFENSE**

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part by collateral sources.

**FORTY-SIXTH DEFENSE**

Defendant is entitled to a set-off of all amounts paid to the Plaintiffs by any defendants, individuals, or entities pursuant to pro tanto settlements. To the extent that any damages claimed by the Plaintiffs have been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against Defendant must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

**FORTY-SEVENTH DEFENSE**

Defendant avers that the ATV at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

a)      It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this Defendant's possession and control.

b)      The ATV was neither defective nor unreasonably dangerous.

c)      The ATV was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

d)      The manufacture and design of the ATV was well in keeping with the state of the art at the time of the manufacture of the ATV.

## FORTY-EIGHTH DEFENSE

In 2003, the United States Supreme Court ruled in *State Farm Mutual Automobile Insurance Company v. Campbell*, 123 S. Ct. 1513 (2003), that awards exceeding a single-digit ratio between punitive damages and compensatory damages will rarely satisfy due process. Accordingly, any award of punitive damages in excess of a single-digit ratio to compensatory damages cannot be sustained because it would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution.

## FORTY-NINTH DEFENSE

Any risks and dangers inherent in operating the ATV involved in the accident were open and obvious.

## FIFTIETH DEFENSE

Some or all of Plaintiffs' claims are barred in whole or in part by accord and satisfaction, statute of limitations, estoppel, laches, unclean hands, failure to read, the applicable rule of repose, release, and/or res judicata.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred due to the doctrine of spoliation and Plaintiffs' failure to preserve crucial evidence.

## FIFTY-SECOND DEFENSE

SMC denies that it was responsible for the distribution, or marketing of the ATV at issue in the Complaint.

## FIFTY-THIRD DEFENSE

The Plaintiffs cannot recover for mental pain and suffering, emotional distress, or similar damages, if any are sought in this case, in that there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award

of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty, or property, except by due process of law.

<b>FIFTY-FOURTH DEFENSE</b>

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the due process clauses of the United States and Alabama Constitutions.

<b>FIFTY-FIFTH DEFENSE</b>

The Alabama Extended Manufacturer's Liability Doctrine, which in effect is the doctrine of strict liability, which the plaintiffs contend is applicable in this case, is constitutionally void in that:

(a)    It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer, distributor, and/or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of Defendant with the result that:

(i)    It deprives Defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution proscribing any state from depriving a person of property without due process of law; and

(ii)    Separately, it deprives Defendant of property without due process of law contrary to Article I, Section 6, of the Constitution of the State of Alabama and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that the plaintiffs are not entitled to recover in this cause against Defendant.

(b)     It denies Defendant equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer, distributor, and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer, distributor, and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer, distributor, and/or seller would amount to an unreasonable classification, and hence the plaintiff is not entitled to recover against Defendant.

(c)     The attempted imposition of strict liability in this case against Defendant operates to deny Defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which require the state to afford all persons equal protection of law with the result that the Plaintiffs are not entitled to recover against Defendant in this case.

**FIFTY-SIXTH DEFENSE**

Defendant contends that the AEMLD is constitutionally void as to Defendant and as applied to acts and circumstances in this case in that:

1.     It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in this one action;

2.     It operates to deny Defendant a fair opportunity to have the jury assess damages based on Defendant's alleged culpability for negligence which cannot be segregated from allegations of negligence against other possible defendants joined in this action;

3.      In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives this Defendant of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

4.      In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives this Defendant of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

**FIFTY-SEVENTH DEFENSE**

Defendant reserves the right to amend its Answer to add any additional affirmative defenses or other defenses as additional information becomes available.

**AND BY WAY OF FURTHER ANSWER**

Defendant hereby responds to the individually-numbered paragraphs in the Complaint as follows:

1.      Upon information and belief, admitted.

2.      Upon information and belief, admitted.

3.      Upon information and belief, admitted.

4.      Upon information and belief, admitted.

5.      Upon information and belief, admitted.

6.      Defendant admits that Suzuki Motor Corporation is a foreign corporation organized under the laws of Japan.  Defendant denies that it does business in the State of Alabama.

7.      Upon information and belief, admitted.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      The Federal Rules of Civil Procedure do not allow for fictitious party practice.

10.     The Federal Rules of Civil Procedure do not allow for fictitious party practice.

11.     The Federal Rules of Civil Procedure do not allow for fictitious party practice.

12.     Upon information and belief, admitted.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     SMC denies that it marketed the ATV at issue, but admits that it did design, engineer, and partially manufacture Suzuki LT-F400F model ATVs.  To the extent that additional allegations are raised against Defendant in paragraph 14, such allegations are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 directed toward other entities.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, which are therefore denied.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, which are therefore denied.

17.    Upon information and belief, Defendant admits that Adams Motorsports, Inc. is an independent authorized Suzuki Dealer.  The remaining allegations contained in paragraph 17 are denied.

18.    Defendant denies that the ATV described in the Complaint was defective when the ATV left the possession and control of Defendant. Defendant denies that the subject ATV was or has ever been under a front tie rod recall program from Suzuki Motor Corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, which are therefore denied.

19.    Defendant denies that the ATV described in the Complaint was defective when the ATV left the possession and control of Defendant. Defendant denies that the subject ATV was or has ever been under a front tie rod recall program from Suzuki Motor Corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, which are therefore denied.

20.    Defendant denies that the ATV described in the Complaint was defective when the ATV left the possession and control of Defendant. Defendant denies that the subject ATV was or has ever been under a front tie rod recall program from Suzuki Motor Corporation. To the extent that additional allegations are raised in paragraph 20 such allegations are denied.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, which are therefore denied.

23.     Denied.

24.     Upon information and belief, denied.

25.     Defendant denies that the ATV described in the Complaint was defective when the ATV left the possession and control of Defendant. Defendant denies that any injuries sustained by Plaintiff Morris Mitchell were the result of or caused by any action or lack of action on the part of Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, which are therefore denied.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

32.     SMC denies that it marketed or distributed the ATV at issue, but admits that it did design, engineer, test, and partially manufacture Suzuki LT-F400F model ATVs.  To the extent that additional allegations against this Defendant are raised in paragraph 32 such allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 directed toward other entities.

33.     Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of Defendant. To the extent that additional allegations are raised in paragraph 33 such allegations are denied.

34.     Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of Defendant. To the extent that additional allegations are raised in paragraph 34 such allegations are denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     SMC denies that it marketed or sold the ATV at issue, but admits that it did design and partially manufacture Suzuki LT-F400F model ATVs.  To the extent that additional allegations against this Defendant are raised in paragraph 39 such allegations are denied.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 directed toward other entities.

40.     Denied.

41.     Denied.

42.     Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

43.     Denied.

44.     Denied.

45.     Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of Defendant. To the extent that additional allegations are raised in paragraph 45 such allegations are denied.

46.     Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of Defendant. To the extent that additional allegations are raised in paragraph 46 such allegations are denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.    Denied.

52.    Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of Defendant. To the extent that additional allegations are raised in paragraph 52 such allegations are denied.

53.    Denied.

54.    Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

55.    Denied.

56.    Denied.

57.    Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

58.    Denied.

59.    Denied.

60.    Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

61.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61.

62.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62.

63.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63.

64.    Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

65.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65.

66.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66.

67.    Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

68.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68.

69.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69.

70.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70.

71.    Defendant denies that the ATV described in the Complaint was defective or unreasonably dangerous when the ATV left the possession and control of Defendant. Defendant admits that the subject ATV is a vital piece of evidence in this suit.

72.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72.

73.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73.

74.    Defendant adopts and incorporates its previous answers and defenses as if fully set forth herein.

75.    Upon information and belief, admitted.

76.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, which are therefore denied.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, which are therefore denied.

78.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, which are therefore denied.

79.    The Federal Rules of Civil Procedure do not allow for fictitious party practice. Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

80.    Denied as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80.

/s/ John D. Mayo
One of the Attorneys for Defendant,
Suzuki Motor Corporation

23

OF COUNSEL:
Jere F. White, Jr. (WHITJ1759)
S. Andrew Kelly (KELLS3760)
John D. Mayo (MAYOJ2469)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this 10th day of July, 2007, a true and correct copy of the foregoing was served via electronic notice through the CM/ECF system to

          Michael G. Strickland, Esq.
          Blaine C. Stevens, Esq.
          Strickland & Kendall, LLC
          420 South Lawrence Street
          Montgomery, AL  36104

          Jock M. Smith, Esq.
          Brian P. Strength, Esq.
          Valerie R. Russell, Esq.
          Cochran, Cherry, Givens & Smith, P.C.
          PO Box 830419
          Tuskegee, AL 36083

          Stanley A Martin, Esq.
          S. Allen Martin Jr.
          P.O. Box 2526
          Opelika, AL 36803

          Lindsay B. Erwin, Esq.
          Meachem, Earley and Fowler, P.C.
          5704 Veterans Parkway
          Columbus, GA 31904

          Tabor R. Novak, Jr., Esq.
          Ball, Ball, Mathews & Novak, P.A.
          P.O. box 2148
          Montgomery, AL 36102

                       Respectfully submitted,

                       /s/ John D. Mayo_____
                       Of Counsel